## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James F. Loomis, being duly sworn, depose and state as follows:

**Affiant Background and Purpose of Application**

1. I submit this affidavit in support of an application for a criminal complaint charging Harkamal Singh ("Singh") with violating Title 18, United States Code, Section 922(a)(6) on or about October 12, 2023, by knowingly making a false written statement to a Federal Firearm Licensee ("FFL") in connection to a firearms purchase.

2. I am a Task Force Agent ("TFA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and I have been since September 2023. In my capacity as a TFA, I am familiar with the federal laws relating to the acquisition, possession, storage, and transfer of firearms as well as those relating to the possession, distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances. I have been trained in the investigation of violations of those laws, and I have participated in many such investigations. I have applied for and/or participated in the execution of search warrants related to those investigations, including searches of residences, vehicles, and electronic devices. I have participated in all phases of investigations of those violations, including interviews with firearm purchasers who traded firearms for controlled substances and with users and distributors of controlled substances.

3. I am also a Border Patrol Agent Intelligence (BPA-I) with the United States Border Patrol (USBP), a component of the Department of Homeland Security (DHS). I have been employed as a Border Patrol Agent (BPA) since August 2011. I have been a BPA-I since May 2019. I am assigned to the USBP Swanton Sector, and my current duty station is Newport Station in Newport, Vermont. I have received formal training to identify and investigate alien, narcotics,

1

and firearm smuggling activities both at the United States Border Patrol Academy, which I attended in Artesia, New Mexico, from August 2011 to January 2012, and through regular and recurring on-the-job training and course certifications.

4. The information contained within this affidavit is based upon my training and experience, my own investigative efforts, and investigation by other law enforcement officers with whom I have spoken or whose reports I reviewed. The following is either known to me personally or has been related to me by persons having direct knowledge of the events described below. The information in this affidavit is meant to set forth probable cause to believe that Harkamal Singh committed certain offenses; it does not necessarily include every fact known to law enforcement about the events described below. Unless otherwise specified, the statements described in the following paragraphs are related in sum and substance and are not meant to be direct quotations or complete descriptions.

**Probable Cause**

5. On April 22, 2025, I reviewed a National Instant Background Check System ("NICS") denial report for Singh. The NICS report revealed that on October 12, 2023, Singh attempted to purchase a Ruger semi-automatic pistol at R & L Archery, an FFL located in Barre, VT. The report revealed that Singh was denied the purchase of the Ruger pistol, because Singh is not legally present in United States and subject to removal proceedings.

6. I contacted R & L Archery and obtained a copy of the Firearms Transaction Record ("ATF Form 4473") that was completed by Singh during the attempted purchase. Singh gave the following responses while filling out ATF Form 4473:

    a. Question 11. Place of Birth: Singh answered "India."

2

    b. Question 19. Country of Citizenship: Singh checked the box next to "Other Country/Countries."

    c. Question 20. If you are an alien, record you U.S.-issued alien or admission number (AR#, USCIS#, or I94#): Singh responded with his Alien "A" Number.

    d. Question 21.m. Are you an alien illegally or unlawfully in the United States: Singh placed a check mark in the "No" box.

    e. Question 21.n.1. Are you an alien who has been admitted to the United States under a nonimmigrant visa: Singh placed a check mark in the "No" box.

    f. Question 21.n.2. If you are such an alien do you fall within any of the exceptions stated in the instructions: Singh placed a check mark in the "No" box.

    g. Singh signs his name in box 22, certifying that his answers are true and correct and acknowledging that providing false information on the form is a crime punishable of a felony under federal law. I have since compared Singh's signature on ATF Form 4473 to several other documents Singh has signed including, criminal court documents and immigration documents. I found Singh's signature on the ATF Form 4473 to be very similar to the signatures on Singh's other documents.

7. I searched DHS systems for information about Singh's immigration status. I learned that Singh is a citizen of India who initially entered the United States at the John F. Kennedy Airport in New York City on December 3, 2002. Singh entered using a "K2" nonimmigrant visa (child of the fiancé of a U.S. citizen). Singh was authorized to stay in the U.S. until March 2,

3

2003, when his admission expired. It is my understanding from my review of these records that Singh's mother, who is also a citizen of India, planned to marry a U.S. citizen. Records indicate that Singh never departed the U.S. Records also indicate that Singh's mother never married the U.S. citizen and therefore she and Singh were not eligible to adjust immigration status in the United States.

8. Additional immigration and criminal record checks revealed that Singh was arrested on December 12, 2007, in Queens County, NY. Singh was charged with- Robbery 2nd degree-Aided by another and Robbery 1st degree-Force theft/Deadly Weapon. An immigration detainer was lodged on Singh while incarcerated for this charge. On May 20, 2008, the case was adjudicated as Attempted Robbery 3rd degree (PL 110-160.5), a class D felony in NY. Singh was given youthful offender status and sentenced to six months imprisonment. On May 25, 2008, Singh was taken into immigration custody and issued a Notice to Appear and placed into removal proceedings. On September 11, 2008, Singh was released from immigration custody while his case was being adjudicated. On March 3, 2013, an immigration judge administratively closed Singh's immigration case to allow him to apply for Deferred Action for Childhood Arrivals ("DACA"). As stated on Singh's DACA approval notice, "Deferred Action is an exercise of prosecutorial discretion by U.S. Customs and Immigration Service (USCIS) not to pursue removal of an individual from the United States for a specific period of time. Deferred Action does not confer or alter any immigration status."

9. Records reveal that while on DACA status Singh accrued additional criminal history.

   a. On January 2, 2018, Singh was arrested in Queens, NY and charged with Aggravated Unlicensed Operator 2nd. On February 22, 2022, Singh was convicted of No Operator's License.

4

    b. On January 10, 2021, Singh was arrested by Barre, VT City Police Department and charged with Burglary into an Occupied Dwelling, Petit Larceny, Assault-Agg Domestic 1st Degree with Weapon, Assault Domestic, and Unlawful Mischief. These charges stemmed from a domestic altercation with Singh's then estranged wife. The charges were all dismissed on October 31, 2022, at the victim's request.

    c. On or about August 11, 2021, Singh was charged by Vermont State Police in Williston for Driving Under the Influence. On or about May 10, 2022, Singh pled guilty to Vehicle Operation Careless or Negligent.

    d. On or about February 12, 2022, Singh was charged with Violation of Conditions of Release by Barre, VT City Police Department. This case was associated to the domestic altercation and was also dismissed.

10. On August 4, 2022, Singh applied to USCIS to renew his DACA status which was set to expire on August 26, 2022. On February 27, 2023, USCIS sent Singh a Notice of Intent to Deny his DACA status. USCIS cited Singh's criminal history as the reason for the denial. Singh was given an opportunity to submit additional information arguing the pending denial. On May 31, 2023, Singh, through his attorney responded to USCIS with additional information. On July 13, 2023, USCIS issued Singh a denial notice stating:

"USCIS has determined, in its unreviewable discretion, that you have not demonstrated that you warrant a favorable exercise of prosecutorial discretion, and it will not defer action in your matter. Accordingly, your Form I-765, Application for Employment Authorization, has also been denied. Deferred action is a discretionary determination to

defer removal action of an individual as an act of prosecutorial discretion. Per 8 CFR 236.23(c)(3), you may not file an appeal or motion to reopen/reconsider this decision."

11. Despite USCIS informing Singh that his DACA denial was unable to be appealed or re-opened, Singh reapplied to USCIS pursuant to DACA on July 13, 2023. This application was also denied with USCIS sent Singh a denial notice on February 28, 2024.

12. On September 18, 2025, at approximately 6:20 a.m., Singh was apprehended by USBP in Essex Junction, VT for being unlawfully present in the United States. At the Swanton Border Patrol Station, I read Singh his Miranda Rights. Singh stated that he understood his rights and agreed to answer questions without a lawyer present, though Singh stated he may want to consult a lawyer as to certain questions. Singh admitted to knowing that he is unlawfully present in the United States. Singh acknowledged receiving both the Notice of Intent to Deny and DACA Denial Notices in 2023 by mail. Singh acknowledged that he attempted to purchase a firearm in 2023, and that he was denied. Singh stated that he believed he was denied because of his immigration status but never followed up. When asked about his responses on ATF Form 4473, Singh stated he thought he had answered correctly because he possessed a work permit. I showed Singh the DACA Denial Notice, which stated his employment authorization had also been revoked. Singh acknowledged that he knew didn't have status but was actively trying to obtain status through his wife.

**Conclusion and Requests**

13. Based on the foregoing, I submit there is probable cause to believe that on or about October 12, 2023, in the District of Vermont, Harkamal Singh violated 18 U.S.C. § 922(a)(6) by knowingly making a false written statement to an FFL in connection with firearms purchase. I

6

respectfully request that the Court issue a Criminal Complaint charging him accordingly and a warrant for his arrest.

Dated at Burlington, in the District of Vermont, this 18th day of September 2025.

_____
James F. Loomis
Task Force Agent, ATF

Sworn and subscribed before me this 18th day of September 2025.

_____
Honorable Kevin J. Doyle
United States Magistrate Judge
District of Vermont